UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL RODRIGUEZ, <br><br> Plaintiff, <br><br> v. <br><br> SA HOSPITALITY GROUP, LLC, <br><br> Defendant. | **ORDER** <br> 23-CV-01188 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

The parties have filed a joint motion requesting that the Court approve a document that they have titled a "Consent Decree." *See* ECF No. 13. The Consent Decree indicates that the parties have already entered into a separate settlement agreement resolving Plaintiff's individual claims, which they have not filed with the Court, and through which "[t]he Plaintiff and the Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, [and] other financial matters, relating to any alleged inaccessibility of the [Defendant's] Website." *Id.* at 5. The Consent Decree purports to require Defendant to take specific steps to improve the accessibility of its website for the benefit of other visually impaired people. *Id.* at 3–5. It also asks for the Court to approve the terms of the Consent Decree and to make a finding that its terms are "in the public interest," although the Consent Decree is silent as to whether the parties are asking the Court to retain jurisdiction to enforce their obligations under the Consent Decree during its three-year term. *Id.* at 3, 10. Although Plaintiff's complaint asserts his claims as a putative class representative, no class has been certified in this case, and Plaintiff has never moved to certify a class.

The Court denies the parties' request to approve their Consent Decree and, for the avoidance of doubt, does not retain jurisdiction to enforce any disputes related to the parties'

obligations in the Consent Decree. The parties have provided no authority demonstrating that the Court's approval of the Consent Decree is required or even authorized by the Americans with Disabilities Act or the New York City Human Rights Law.

Since the Consent Decree indicates that the parties have already entered into a settlement agreement resolving Plaintiff's individual claims—and the parties have not indicated that the Court's approval of the Consent Decree is a condition precedent of their individual settlement—the Court dismisses the claims asserted in Plaintiff's complaint. To the extent that Plaintiff might someday assert a claim related to an alleged breach of his individual settlement agreement or the Consent Decree, Plaintiff must bring that claim in a separate lawsuit because "a motion to enforce a settlement agreement is fundamentally a claim for breach of a contract," for which Plaintiff must demonstrate "its own basis for jurisdiction." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378, 381 (1994)) (internal quotation marks omitted).

## **CONCLUSION**

For the reasons set forth above, the Court DENIES the parties' motion to approve their proposed Consent Decree, *see* ECF No. 13, and dismisses Plaintiff's claims in light of the parties' settlement. The Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

                                                */s/ Hector Gonzalez*
                                                HECTOR GONZALEZ
                                                United States District Judge

Dated: Brooklyn, New York
        June 6, 2023